IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-65-BO

| | |
|---|---|
| PATRICIA ANN LANGEVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 21 & 23]. A hearing on this matter was held in Raleigh, North Carolina on August 28, 2014 at 10:00 a.m. The Commissioner appeared at the hearing via video feed. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

On January 22, 2010, Ms. Langevin filed applications for disability insurance benefits and supplemental security income benefits alleging that she had been disabled since May 15, 2009. The applications were denied initially and upon reconsideration. Subsequently, at plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on October 18, 2011 and then rendered an unfavorable decision on October 28, 2011. The Appeals Council denied the claimant's request for review, rendering the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Ms. Langevin was 36 years old at the time of her alleged onset of disability. She has completed the 10th grade and does not hold a high school diploma. [Tr. 215]. Plaintiff has worked as an order filler and appointment clerk in the past. [Tr. 51]. Plaintiff suffers from post-traumatic stress disorder ("PTSD"), and major depressive disorder. [Tr. 19, 282, 322–24].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual

functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the record is clear – plaintiff has profound non-exertional limits which are evidenced in part by numerous GAF scores below 50. However, the hypothetical proffered to the Vocational Expert ("VE") did not include all of the non-exertional limitations which the record supports. [Tr. 50]. The ALJ arrived at the hypothetical given to the VE by cherry picking evidence in the record which supported only his version of the hypothetical. Such cherry picking is not allowed. *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006). The ALJ arrived at the hypothetical by discounting the evidence in the record which supports plaintiff's claims of non-exertional limitations as a result of the side-effects of her medications. [Tr. 21-26].

The ALJ erred in failing to incorporate the side-effects of plaintiff's medications into his RFC finding. [Tr. 21–26]. The record contains substantial documentation of the side-effects of claimant's many medications. [Tr. 42, 44–45, 46, 48–49, 285–86]. Plaintiff's treating physician, Dr. Zinacola, properly supported his medical opinion on the limiting effect of plaintiff's medications on her ability to work. [Tr. 286]. As such it was error to not consider these limitations in forming plaintiff's RFC and to not provide the limitations in the hypothetical to the VE.

As there has been no step five determination under the proper RFC, the proper action is to remand this matter to the Commissioner for further proceedings consistent with this opinion.

3

*Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). Upon remand, the Commissioner should reconsider, giving proper weight to Dr. Zinacola's opinion, whether plaintiff meets or exceeds any of the Listings. Further, if she finds that plaintiff does not, an RFC including appropriate non-exertional limitations caused by the side-effects of plaintiff's medications should be given and then a proper hypothetical should be given to the VE which includes all of the appropriate non-exertional limitations.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This ⁂ day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE